UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>CASSIA COUNTY, IDAHO, a political subdivision of the State of Idaho, JAY M. HEWARD, and MICHAEL AKERS,<br><br>    Defendant. | Case No. 4:17-cv-00256-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Derek Thomas's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 106. Defendants Michael Akers and Cassia County have filed oppositions to Thomas's motion. Dkts. 109, 111. Thomas has filed a Reply to each opposition (Dkts. 110, 112), and the matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the motion.

## II. BACKGROUND

On June 12, 2017, Thomas filed a Complaint against Michael Akers, Cassia County, and Jay M. Heward bringing both state and federal claims. Dkt. 1. Specifically, Thomas brought claims under 42 U.S.C. § 1983, alleging that Akers violated his First, Second, Fourth, Fifth, and Fourteenth Amendment rights. Thomas brought related claims against Heward and the County, as well as claims under the Idaho Torts Claims Act and Idaho common law.

On July 13, 2018, the County and Akers both filed Motions for Summary Judgment. Dkts. 23, 24. Responses from Thomas on both motions were originally due on August 3, 2018; however, on July 30, 2018, Thomas filed a Motion for Extension of Time to allow him to depose two witnesses before submitting his responses. Dkt. 26. The Court granted his motion and gave Thomas until September 7, 2018, as he requested, to file his responses to the Defendants' respective Motions for Summary Judgment. Dkt. 27. Thomas then deposed the two witnesses on August 20, 2018. Dkts. 30, 31.

On September 7, 2018—the extended due date for Thomas's responses—Thomas filed a motion for leave to file a combined statement of material facts in dispute and filed his combined statement of material facts. Dkts. 34, 35. On September 8, 2018, Thomas requested another extension of time to file his responses to Defendants' motions, arguing because he had not received the transcripts of the depositions, consisting of 191 pages, until August 30, 2018, good cause existed for yet another extension. Dkt. 36. On the same day, September 8, 2018, Thomas filed responses to both summary judgment motions. Dkts. 40, 41. Akers did not oppose Thomas's second motion for an extension (Dkt. 49), but

Cassia County and Heward did. Dkt. 44. In turn, Thomas requested attorney's fees and a "stern admonishment to objecting defendants and defense counsel" for objecting to the second motion for an extension. Dkt. 46, at 4. On September 13, 2018, the Court granted Thomas's Motion for Extension of Time because it fit within the four-factor equitable test for excusable neglect, but advised the Plaintiff that "it will not grant any additional extensions of time for Plaintiff to respond to Defendants' Motion[s] for Summary Judgment." Dkt. 51, at 2. The Court also denied Plaintiff's request for attorney fees incurred in response to Defendants opposition to his motion for extension acknowledging that "the Court had already granted Plaintiff a considerable extension of time to respond in the first place." *Id*.

On September 20, 2018—the date that Plaintiff's responses to Defendants' Motions for Summary Judgement were ultimately due after the second extension was granted—Thomas filed amended responses to each summary judgment motion. Dkts. 52, 53. A hearing was held for the summary judgment motions on December 12, 2018, and the Court issued a decision on February 26, 2019. Dkts. 67, 70. Relevant to the current motion, the Court held that "Thomas has abandoned his Fourteenth Amendment claim" because he did not include any argument in support of the "not well defined" claim, nor did he make any such arguments at the hearing. Dkt. 70, at 27–28. Regardless, the Court held that probable cause existed for Thomas's arrest and, as such, his loose claim of a Fourteenth Amendment violation was without merit. *Id*.

Thereafter, Plaintiff filed a Motion for Reconsideration and, alternatively, a Motion for Entry of Judgment so that he could appeal right away on March 18, 2019. Dkts. 71, 72.

MEMORANDUM DECISION AND ORDER - 3

Oppositions were filed to both Motions. Dkts. 75, 77, 79. Plaintiff additionally filed a Motion for Discovery (Dkt. 84) and a Motion Requesting Oral Argument for his Motion for Reconsideration. Dkt. 85. The Court decided these motions in one decision on October 17, 2019. Dkt. 91. Most relevant here, the Court highlighted that Thomas conceded his responses to summary judgment did not address the Fourteenth Amendment claim and that the Court had authority to deem it waived. *Id.* As such, the Court declined to reconsider its holding that Thomas waived his Fourteenth Amendment Claim because reconsideration is "an extraordinary remedy." *Id.* at 16. On September 29, 2020, the Court dismissed Thomas's two remaining claims. Dkt. 99. The same day, Thomas filed a notice of appeal. Dkt. 100.

Thomas filed the instant motion on December 7, 2020. Dkt. 106. Akers and the County have filed oppositions to Thomas's motion. Dkts. 109, 111. Thomas has filed a reply to each opposition (Dkts. 110, 112), and the matter is ripe for the Court's consideration.

### III. LEGAL STANDARD

Thomas seeks relief for excusable neglect from the Court's dismissal of Plaintiff's abandoned Fourteenth Amendment claims under Federal Rule of Civil Procedure 60(b)(1), which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other things, "excusable neglect." In order to grant relief, a court must, as a threshold matter, determine if the motion is timely. *See* Fed. R. Civ. P. 60(c)(1). Next, a court may grant relief if one of the prescribed reasons, such as excusable neglect, is met. Excusable neglect covers cases of negligence, carelessness, and inadvertent

mistake, and courts use a four-factor equitable test to determine whether excusable neglect is present in a particular scenario. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *Brionnes v. Riviera Hotel & Casino*, 116 F.3d 379, 391 (9th Cir. 1997) (adopting the four-factor equitable test as a framework for Rule 60(b) cases); *see also Bateman v. U.S. Postal Service*, 231 F. 3d 1220, 1222 (9th Cir. 2000). Those four factors are discussed in full below.

## IV. DISCUSSION

The parties first dispute whether the Court even has the claim-processing authority to afford the relief requested. They then dispute whether Thomas's motion was timely. They lastly debate whether Thomas's failure to address his Fourteenth Amendment claims constitutes excusable neglect. The Court will address each issue in turn.

### A. Authority

First, the County and Heward argue that this Court lacks jurisdiction over this Rule 60(b) motion due to the pending appeal; however, the Supreme Court and the Ninth Circuit have said otherwise. *See Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) (explaining that district courts retain jurisdiction to decide Rule 60 motions even after an appeal is taken);[1] *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (same). In short, the Court must disagree with this argument. Controlling authorities make clear that the Court does have authority to

---

[1] The County criticizes the Supreme Court's language in *Stone* as dicta and suggests that this Court should not follow it. The Court declines to follow this suggestion because, regardless of whether the language is dicta, the Ninth Circuit caselaw and Federal Rules of Appellate Procedure cited direct the Court in the same way *Stone* does. Absent clear direction otherwise, the Court must follow these binding authorities.

MEMORANDUM DECISION AND ORDER - 5

dispose of the Rule 60 motion.[2] *C.f. Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444 (9th Cir. 1994) ("[A] notice of appeal filed while a Fed. R. Civ. P. 59 motion is pending is no longer a nullity, but, rather, is merely held in abeyance until the motion is resolved."); *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994) (per curiam) ("[U]nder the version of the rule that became effective on December 1, 1993, Burt's notice of appeal would be treated as merely dormant until the post-judgment motion is decided."); *see also* Fed. R App. P. 4(a)(4)(B)(i) and advisory committee's note (1993) ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); Fed. R. App. P. 12.1 advisory committee's notes (2009) ("Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure.").

The County points to strong language in *Rodriguez* that seems to imply that, without a certification from the district court that an appeal is frivolous or waived, the district court is *always* divested of authority. 891 F.3d at 790–91. However, *Rodriguez* dealt with an interlocutory appeal before trial, unlike the post-judgment/order motion at issue here. *Id.*

---

[2] The Court uses the term authority, rather than jurisdiction, because the Ninth Circuit clarified that this issue is one of "claim-processing rules," not jurisdiction because Congress alone sets the parameters of lower courts' jurisdiction. *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 790 (9th Cir. 2018) ("'[J]urisdictional' rules derived from sources other than Congress are more accurately characterized as 'mandatory claim-processing rules' that may be applied in a 'less stern' manner than true jurisdictional rules." (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).

Moreover, and likely for this same reason, the *Rodriguez* court did not discuss the Federal Rules of Appellate Procedure cited above. Indeed, it had no need to discuss the exception to the divesture rule at issue in this case because the facts before it did not involve such a motion. Therefore, the language cited in *Rodriguez* does not control this situation. Nor does it change the Court's conclusion that the Court has authority to address Thomas's Rule 60(b) motion.

### B. Timeliness

All Defendants assert that Thomas's motion is untimely for failing to file the present motion within the time limits set forth in Federal Rule of Civil Procedure 60(c)(1). Dkts. 109, 111. That rule states, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). Since Plaintiff is claiming excusable neglect under Rule 60(b)(1), his motion must have been brought within one year of the judgment or order to be timely. *Id.*; *see also Hanson v. Shubert*, 968 F.3d 1014, 1017 (9th Cir. 2020); *Coleman v. Adams*, 669 F. App'x 880, 881 (9th Cir. 2016).

The orders from which Plaintiff is seeking relief is the Court's order granting Defendants' motions for summary judgment (Dkt. 70) that dismissed Plaintiff's Fourteenth Amendment claims as abandoned and the order denying Plaintiff's motion to reconsider (Dkt. 91) that upheld the Court's decisions to dismiss Plaintiff's Fourteenth Amendment claims issued February 26, 2019, and October 17, 2019, respectively. The present motion was not filed until December 7, 2020. Dkt. 106. More than a year has lapsed from the time this Court issued its order dismissing Thomas's Fourteenth Amendment claim, and the

MEMORANDUM DECISION AND ORDER - 7

Plaintiff has offered no reasons or explanation for this delay past the one-year cutoff within Rule 60(c)(1) for the Court to even consider. As such, the Court finds that Thomas's motion is untimely. This finding alone is sufficient to deny Thomas's motion for relief.

### C. Excusable Neglect

Nevertheless, even if were timely, Thomas has still failed to prove that the actions alleged amounted to excusable neglect. The meaning of excusable neglect has evolved to be "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993). Now, district courts apply a four-factor equitable test, a nonexclusive list, that provides a framework with which the district court may use its discretion to determine whether an attorney's neglect is excusable. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). "The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1223–24; *see also Pioneer*, 507 U.S. at 395.

#### 1. *The Danger of Prejudice to the Opposing Party*

This present motion was brought while the underlying case was in a unique place procedurally. Thomas filed this motion for relief while the appeal Thomas also filed was in the briefing stage for the Ninth Circuit. Dkt. 111. The danger of prejudice to the opposing party is high in this case as the case is at such a late juncture and the Defendants have already completed briefs to the Ninth Circuit based on Thomas's appeal of this case.

Defendants are not merely being denied a quick victory from summary judgment here. They are being dragged back to defend a closed portion of a case that has already been formally reconsidered and closed again while they are also defending the appeal of this closed case. This is now the third time Defendants have litigated the issue regarding Thomas's Fourteenth Amendment claims. Causing them to argue the issue again would only further prejudice them. It is not as if Thomas promptly filed this motion for relief to attempt to re-open the closed Fourteenth Amendment arguments after the Court dismissed in its Summary Judgment decision on February 26, 2019, or after the Court denied reconsideration of the Fourteenth Amendment arguments on October 17, 2019. Thomas filed a timely appeal but waited more than a year after the Fourteenth Amendment claims were closed to file this motion for relief during the pending appeal which prejudices Defendants beyond mere delay or lose of a quick victory. This factor weighs in favor of denying relief.

2. *The Length of the Delay and Its Potential Impact on the Proceedings*

As discussed above, the delay here was approximately a year and two months from the last decision on the Fourteenth Amendment claims during the motion for reconsideration until Thomas filed this motion for relief. Thomas has offered no explanation for the Court to consider for why the delay of this motion was so excessive. Instead, Thomas argues that the delay was "very little." Dkt. 106-1, at 5. The Court disagrees that a delay exceeding a year could be characterized as little or be diminished as Thomas attempts to do. If the Court were to agree with the present motion and re-open the Fourteenth Amendment claims, there will have been a delay of approximately two years

MEMORANDUM DECISION AND ORDER - 9

from the first time the Court dismissed the claims in February of 2019. For this extensive delay that would heavily impact the proceedings as they are now, Thomas offers no further contrary reasoning for the Court to consider. This factor weighs in favor of denying relief.

### 3. The Reason for the Delay

Thomas falls back on discussion of the reason why he omitted the Fourteenth Amendment claims that he previously brought before the Court in his motion to reconsider. His initial reason for omitting and subsequently abandoning his Fourteenth Amendment claim, which is essentially that he was an overworked attorney at the time, is unpersuasive. Thomas was given 69 days, much more than the traditional 21 days, to submit his responses to Defendants' Motions for Summary Judgement. Thomas was given not one, but two extensions of time to submit those responses.

In the motion for the first extension, Plaintiff clearly laid out his timeline and chose his own extended due date of September 7, 2018. Dkt. 26-1. This Court allowed him the time to depose two witnesses to aid in his responses and agreed to his extended due date that he argued allowed him "about two weeks for a deposition to be transcribed" and "an additional week to incorporate the deposition transcripts into Plaintiff's response." *Id*. at 3. The depositions took place on August 20, 2018, and Plaintiff received the transcripts on August 30, 2018. Dkt. 36. Plaintiff still had 8 days—over a week—from when he received the transcripts until the response was due on September 7. However, Plaintiff filed a second motion for extension the day *after* responses were due.

This second motion for extension was also granted. The Court allowed Plaintiff additional time again to go through the transcripts and submit informed responses but did

warn that another extension would not be considered given the circumstances. However, even with the twice extended time to work on these responses, Plaintiff still neglected to address the Fourteenth Amendment claims in his responses. There is no compelling reason that within the twice extended 69 days that Plaintiff had to work on his responses it was excusable neglect to fail to address those claims he initially brought which Defendants clearly addressed in their summary judgment motions. The unique procedural history of this case and the routine delays that occurred would alone be sufficient for this court to hesitate to grant the requested relief. This factor weighs in favor of denying relief.[3]

### 4. *Whether the Movant Acted in Good Faith*

A determination of bad faith is not required in the present case. Defendants did not specifically allege bad faith, and the Court will not come to that conclusion. There are no specific reasons to determine Thomas acted in bad faith. Thus, the Court will consider this factor neutral in the outcome.

### 5. *The Court Will Not Grant Relief*

For the foregoing reasons, the Court does not deem this a situation in which it should exercise its discretion to excuse Thomas's neglect. The balance of the equitable factors clearly weighs against Thomas in this case.

## V. CONCLUSION

In sum, the Court concludes that it has authority, but finds that Thomas's motion was untimely. Even if it were timely, however, the Court determines that there was no

---

[3] Although immaterial to his neglect of the Fourteenth Amendment claims, Thomas also offers no reason for the approximately year and two-month delay in filing this motion.

excusable neglect. Accordingly, the Court DENIES Thomas's motion.

## VI. ORDER

The Court HEREBY ORDERS:

1. Thomas's Motion for Relief (Dkt. 106) is DENIED.

DATED: April 27, 2021

_____
David C. Nye
Chief U.S. District Court Judge